## Notice of Complaint

Case # 8:23cv02397

Plaintiff
Chris-Antonio: Pow

Defandent
IH6 / Invitation Homes

FEB 13 2024 AM 9:51
FILED - USDC - FLMD - TPA

1 - On May 2023 the Plaintiff submitted a Negotiable Instrument and A letter of Instruction to thee Defandent via Certified mail. For the sum of $80,000.00.

2 - The week of May 12, 2023 Invitation Homes told the Plaintiff 3 times on seperate days of May 2023 that there legal office / Attorney said No regarding acceptance of Instrument, then coperate said No regarding Acceptance, Lastly that Invitation Homes said No. All response's via email's.

3 - Negotiable Instrument was submitted before, and to Defandent, before Plaintiff was taken to court on the first attempt.

4 - The first time Plaintiff was order'd Into Lower Eviction Court, the Defandent, Nor there Attorney gave Notice to the court, nor mention'd that there was a Negotiable Instrument and Letter of Instruction Submitted For payment to Invitation Homes.

5 - To cover up that payment was submitted, Invitation Homes Put the Plaintiff on a payment Plan, with a large Down Payment of $4,000.00 and the remainder balance of $6,000.00 to be paid every month combined with there rent of 2,900.00 + $1,000,

1316 Riverside Dr. New York, NY 10083

total of 3,900.00 A month. Even though the Plaintiff submitted a Negotiable Instrument = equals and to be deposited as a money order for the total sum again of $80,000.00

6 - Plaintiff was order'd to lower court/eviction court again for the second time in September and again the Defendents and Attorney never gave notice to the Judge nor the court regarding submission of Payment back in May of 2023. But instead claim and continued to Deform the Plaintiff as if he owe'd and never paid and couldn't keep his payment Plan as if he owe'd even with the payment of $80,000 submitted, that also was never returned. Plaintiff was told NO regarding acceptance, but Invitation Homes Failed and Never returned the Instrument of Payment.

7 - Lower Court Judge Never asked For the actual Proof of Payment that Plaintiff gave notice that he gave to the defendent, thru out the trial. nor at thee end of trial. But only mentioned when Judge submitted his order. So Plaintiff for record gave notice of the Negotiable Instrument as Payment, But Judge of thee Lower Circuit court never requested it From the defendents Attorney and the defendents attorney never submitted it and the Judge only requested the Proof of Payment in his Final Order For Eviction.

8 - I Plaintiff Filed Bankruptcy on 9/26/23 and also Defandent and Attorney and lower court refused to Respect and Honor Bankruptcy CHapter13 Automatic stay order.

## Breach of Actions     Cause of Actions

Are, Defendent has a Fidicuary Duty to the Plaintiff that wasn't Fullfiled, Breach of contract, Deformation, Negligance, Causation, Damages.

**Strict liability's** - Are False Presentation to the lower court of none Payment, and Not Presenting the Actual Payment Submitted before order'd into lower court for eviction.

Defandent Statement to the lower court was False and Defamatory.

Defandent and Attorney was Negligent, Breach there Duty by not giving Lower Court Judge notice nor proof of Payment submitted.

Defandent actions caused Plaintiffs Damages, Loss, Trauma, Anguish, strife, setbacks, Delay and loss of Present and Future gain's, Also Depression, Lack of healthy Diet For all party's, Loss of property's Trauma to all 4 of his kids and Service Dogs, Being Homeless now, also loss of his work equipment/Truck and Trailer because of not being able to pay monthly Truck Parking to be able to only Cover Food and Shelter For his kids and wife and Dogs. No Truck and Trailer No work. My Oldest resides else where due to situation

Plaintiff is seeking relief, Compesatory Damages, Punitive Damages, Treble Damages, InJuntive relief Truck and Trailer stolen and value'd at $100,000 Due to none parking Payment For 4 months

Cornell Law

Defendant violated UCC Law 3-603, 3-604

Florida statue 673.1041

The Negotiable Instrument Act 1881, Part 6 and

The Bill of Exchange

Federal Reserve Act 12 "USC 504(b)

University of Miami Law
Duke Law Uniform Commercial Code
Cornell Law    "    "    "
Washington State Law 62A.3-104
Contract Law 16 CFR Part 433.2 and (A$ 433.1(F)

Bankruptsy Automatic Stay Law 11 U.S.C § 362

Commencement and Termination - The Automatic Stay is Triggered by the Filing of Bankruptcy Petition and becomes effective without a court order and without Notice to creditors