UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRIS-ANTONIO: POW,

      **Plaintiff,**

**v.**                                         **Case No: 8:23-cv-2397-MSS-NHA**

**I6 PROPERTY FLORIDA LP,**

      **Defendant.**

_____

## <u>ORDER</u>

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Dkt. 16), which the Court construes as a motion to proceed *in forma pauperis*. Also before the Court is Plaintiff's Amended Complaint. (Dkt. 19) On April 5, 2024, United States Magistrate Judge Natalie Hirt Adams issued a Report and Recommendation, (Dkt. 27), which recommended Plaintiff's Motion to Proceed *In Forma Pauperis* be denied without leave to amend and Plaintiff's Amended Complaint be dismissed. Specifically, Judge Adams recommended Plaintiff's claim that the bankruptcy stay was violated be dismissed without prejudice, subject to Plaintiff's right to file his claim in the bankruptcy court. Judge Adams further recommended that all of Plaintiff's other claims be dismissed without leave to amend. Plaintiff filed an objection to Judge Adams's Report and Recommendation on April 16, 2024. (Dkt. 28) Upon

consideration of all relevant filings, case law, and being otherwise fully advised, the Court **ORDERS** as follows.

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." <u>Jeffrey S. v. State Bd. of Educ.</u>, 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). Absent specific objections, there is no requirement that a district judge review factual findings *de novo,* <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. <u>See</u> <u>Cooper-Houston v. Southern Ry.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

Upon review of the filings and Judge Adams's Report and Recommendation, the Court **ADOPTS THE RECOMMENDATION IN PART**.

First, Plaintiff's claims for breach of fiduciary duty, breach of contract, the Uniform Commercial Code (the "UCC"), and violation of 16 C.F.R. §§ 433.2 and 433.2 should be dismissed without prejudice.

Second, the Court finds dismissal of Plaintiff's defamation and negligence claims because of the litigation privilege would be premature at this stage. The litigation privilege is an affirmative defense. See Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1277 (11th Cir. 2004). Defendant may raise the litigation privilege at an appropriate stage in the proceedings.

The Court finds Plaintiff facially states a claim for defamation. Plaintiff alleges Defendant defamed Plaintiff when it claimed Plaintiff never tendered payment during the state court eviction proceedings. (Dkt. 19 at ¶ 6) Plaintiff states, "Defendant['s] statement to the lower court was false and defamatory." (Id. at 3) Plaintiff sufficiently pleads damages resulting from the alleged defamation. (Id.) The Court finds these pleadings sufficient to state a claim for defamation.

However, Plaintiff fails to state a claim for negligence because Plaintiff does not plead the basis for any duty owed to Plaintiff by Defendant or Defendant's attorney. See Angel, Cohen & Rogovin v. Oberon Inv., N.V., 512 So. 2d 192, 194 (1987) (holding a plaintiff must show he was the client of an attorney to maintain an action in negligence against the attorney). As such, the claim is due to be dismissed without prejudice.

Next, the Court concurs that Plaintiff states a claim for violation of the bankruptcy court's automatic stay. As Judge Adams noted, this Court has jurisdiction

to hear such a claim. <u>Justice Cometh, Ltd. v. Lambert</u>, 426 F.3d 1342, 1343 (11th Cir. 2005). Should Defendant wish to seek transfer of this cause of action to the bankruptcy court, Defendant would be free to file a motion requesting such relief.

Finally, the Court concurs with Judge Adams's recommendation that Plaintiff's claims under the Negotiable Instrument Act and the Federal Reserve Act should be dismissed with prejudice.

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion the Report and Recommendation should be adopted in part. Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 27), is **ADOPTED IN PART**;

2. Plaintiff's Motion to Proceed *In Forma Pauperis*, (Dkt. 16), is **GRANTED**;

3. The Amended Complaint, (Dkt. 19), is **DISMISSED IN PART**;

   a. Plaintiff's defamation claim and Plaintiff's claim regarding the bankruptcy stay are ***not*** dismissed;

   b. Plaintiff's breach of fiduciary duty, breach of contract, UCC, 16 C.F.R. §§ 433.2 and 433.2, and negligence claims are **DISMISSED WITHOUT PREJUDICE**;

   c. Plaintiff's claims under the Negotiable Instrument Act and the Federal Reserve Act are **DISMISSED WITH PREJUDICE**; and

4

4.      Plaintiff's Motion to Strike the Amended Complaint, (Dkt. 29), and Plaintiff's Motions to Supplement the Amended Complaint, (Dkts. 30 and 31), are **DENIED AS MOOT**.

5.      If Plaintiff wishes to file a second amended complaint in which Plaintiff reasserts his defamation claim,[1] reasserts his claim that Defendant violated the automatic stay, and amends his fiduciary duty, breach of contract, UCC, 16 C.F.R. §§ 433.2 and 433.2, and negligence claims, Plaintiff may do so on or before May 29, 2024. If Plaintiff does not file a second amended complaint by this deadline, this action will proceed on the claims that are not dismissed by this Order as they are stated in the Amended Complaint. On May 30, 2024, the Court will direct the U.S. Marshals Service to serve the operative complaint on Defendant.

6.      The Court encourages Plaintiff to contact Bay Area Legal Services, a non-profit law firm which provides free civil legal help to residents of Tampa Bay, at (800) 625-2257.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of May 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is advised that Judge Adams is correct that, generally, allegations of defamation based on statements made in litigation are privileged and they are subject to dismissal on motion of a defendant. Thus, he should strongly reconsider whether he has a basis to pursue these claims.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person