UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRIS-ANTONIO POW,**

   Plaintiff,

v.   Case No: 8:23-cv-2397-MSS-NHA

**IH6 PROPERTY FLORIDA, L.P.,**

   Defendant.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss the Complaint, (Dkt. 47), and Plaintiff's Motion to Dismiss the Present Motion to Dismiss, (Dkt. 52), which the Court construes as a response in opposition to Defendant's Motion. Also before the Court is Plaintiff's Motion for Summary Judgment, (Dkt. 63), and Plaintiff's Motion to Dismiss re: Motion to Dismiss, (Dkt. 72), which the Court construes as a supplement to Plaintiff's response in opposition to Defendant's Motion. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion to Dismiss the Complaint. Plaintiff's Motion for Summary Judgment is **DENIED** as premature.[1]

---

[1] Typically, a motion for summary judgment is premature if filed before discovery has taken place.

I.  **BACKGROUND**

    a. **Procedural Background**

On October 23, 2023, Plaintiff initiated this action against Defendant IH6 Property Florida, L.P. by filing a complaint, (Dkt. 1), and a motion to proceed *in forma pauperis*. (Dkt. 2) Plaintiff's motion was taken under advisement, and the Court directed Plaintiff to file an amended complaint. (Dkt. 4) Plaintiff did so on February 13, 2024. (Dkt. 19)

On April 5, 2024, United States Magistrate Judge Adams issued a Report and Recommendation, (Dkt. 27), which recommended Plaintiff's motion to proceed *in forma pauperis* be denied and Plaintiff's Amended Complaint be dismissed.

This Court adopted the Report and Recommendation in part. (Dkt. 33) The Court permitted Plaintiff leave to amend his claims for breach of fiduciary duty, breach of contract, negligence, violation of the Uniform Commercial Code, and violation of 16 C.F.R. §§ 433.1 and 433.2. The Court found Plaintiff stated facial claims for defamation and violation of the bankruptcy court's stay. These two claims were not dismissed.

On June 5, 2024, Plaintiff filed a Second Amended Complaint. (Dkt. 42) The allegations in the Second Amended Complaint do not differ materially from those of the Amended Complaint.

Defendant moves to dismiss the Second Amended Complaint. First, Defendant argues this Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff fails to allege facts to support either diversity or federal question jurisdiction.

(Dkt. 47) Additionally, Defendant argues the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. (Id.) Defendant also maintains that the Second Amended Complaint fails to set forth a plausible claim for relief under Rule 12(b)(6) and fails to comply with the rules of pleading in Rule 8(a). Fed. R. Civ. P. 12(b)(6) and 8(a)(2). (Id.)

### b. Alleged Factual Background

At the outset, although not alleged outright, the factual allegations in the Second Amended Complaint reveal Plaintiff was a tenant in a building allegedly owned or managed by Defendant. Plaintiff alleges the following facts.

In May 2023, Plaintiff submitted a negotiable instrument worth $80,000.00 and a letter of instruction to Defendant. (Dkt. 42 at ¶ 1) Defendant told Plaintiff on three occasions that Defendant refused to accept the instrument. (Id. at ¶ 2) Defendant never returned the instrument to Plaintiff. (Id. at ¶ 6) At some point thereafter, Defendant initiated an eviction action against Plaintiff. (Id. at ¶ 3) During the eviction action, neither Defendant nor Defendant's attorney advised the court that Plaintiff had previously submitted a negotiable instrument for payment to Defendant. (Id. at ¶ 4) "To cover up that payment was submitted, [Defendant] put the Plaintiff on a payment plan, with a large down payment of $4,000.00 and the remainder balance of $6,000.00 to be paid every month combined with . . . rent of [$]2,900.00 + $1,000, total of $3,900.00 a month." (Id. at ¶ 5)

In September 2023, Plaintiff alleges he was "order'd [sic] to lower court / eviction court again for the second time . . . ." (Id. at ¶ 6) During this eviction action,

3

again, neither Defendant nor Defendant's attorney advised the court that Plaintiff had previously submitted a negotiable instrument as payment to Defendant in May 2023. (Id.) Instead, Plaintiff alleges, Defendant defamed Plaintiff by claiming he owed Defendant money and could not adhere to the payment plan, even though Plaintiff claims he had submitted a payment of $80,000. (Id.) Additionally, Plaintiff alleges the "lower court judge never asked for the actual proof of payment that Plaintiff gave notice that he gave to the defendant, thru out [sic] the trial, nor at the end of trial." (Id. at ¶ 7) Plaintiff alleges the judge "only requested the proof of payment in his final order for eviction." (Id.)

Plaintiff alleges he filed for bankruptcy on September 26, 2023, but Defendant, Defendant's attorney and the "lower court refused to respect and honor" the bankruptcy automatic stay order. (Id. at ¶ 8)

As a result of these alleged actions by Defendant, Plaintiff alleges he has suffered damages, loss, trauma, anguish, and emotional distress. (Id. at 3) As causes of action, Plaintiff lists breach of fiduciary duty, breach of contract, defamation, and negligence against Defendant. (Id. at 3)

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case[.]" Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually.

4

Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). If the challenge is facial, the court merely evaluates whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion. McElmurray v. Consol. Gov. of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007).

### III. ANALYSIS

#### a. Failure to Plead Subject Matter Jurisdiction

Defendant argues Plaintiff fails to allege facts to support this Court's exercise of subject matter jurisdiction. Plaintiff, however, alleges Defendant violated the bankruptcy stay, which establishes the Court's federal question jurisdiction. See 11 U.S.C. § 362; Justice Cometh, Ltd. v. Lambert, 426 F.3d 1342, 1343 (11th Cir. 2005) (holding 28 U.S.C. § 1334 grants original jurisdiction over claims under Title 11, including a claim to recover damages for violation of the bankruptcy stay under 11 U.S.C. § 362(h)). Plaintiff sufficiently pleads this Court's subject matter jurisdiction over Plaintiff's claim under Title 11.

The Court may exercise supplemental jurisdiction over Plaintiff's state law claims if they arise out of the same "common nucleus of operative fact[s]" as Plaintiff's federal claim. Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006); 28 U.S.C. § 1367(a). Plaintiff's claims do not all arise from a common nucleus of operative facts. The eviction action stands as a separate claim from the much more succinct claim related to the alleged violation of the bankruptcy automatic stay.

Even if they were related, the Court may decline to exercise supplemental jurisdiction if the state law claims substantially predominate over the federal claim. Id. at § 1367(c). Plaintiff's state law claims substantially predominate over the federal claim. Parker, 468 F.3d at 744 (noting substantial predominance exists "when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage"); Morgan v. Christensen, 582 F. App'x 806, 808 (11th Cir. 2014)[2] (finding the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the plaintiff's state law assault, negligence, and intentional infliction of emotional distress claims, which it found substantially predominated over the plaintiff's federal claims under the Americans with Disabilities Act). Plaintiff raises four state law claims—breach of fiduciary duty, breach of contract, negligence, and defamation—and one federal claim, violation of the bankruptcy stay. The state law claims plainly predominate over Plaintiff's federal claim "in terms of proof [and] of the scope of the issues raised[.]" United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). The Court, therefore, would decline to exercise supplemental jurisdiction over Plaintiff's state law claims in any event.

---

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

### b. The Rooker-Feldman Doctrine

Contrary to Defendant's assertion, the Rooker-Feldman doctrine of federal abstention does not require this Court abstain from hearing Plaintiff's case. "The Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends . . . to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000). The doctrine applies in cases where "'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Nicholson v. Shafe, 558 F.3d 1266, 1274–75 (11th Cir. 2009) (quoting Exxon Mobil Corp. v. Saudi Basic. Indus. Corp., 544 U.S. 280, 291 (2005)). "'[I]f a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended.'" Id. at 1275 (quoting Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 24 (1st Cir. 2005)); id. at 1274 ("Because the Appellants commenced the federal district court action before the end of state

7

proceedings in Georgia, we find that the Rooker-Feldman doctrine does not apply here.").

Plaintiff commenced this action before the end of the state proceedings. The court in the eviction action against Plaintiff issued a final judgment for possession on September 26, 2023.[3] The time for Plaintiff to appeal this judgment expired on October 26, 2023. Fla. R. App. P. 9.110(b). Rather than allow the time to appeal expire, however, Plaintiff initiated this action in federal district court on October 23, 2023, (Dkt. 1), and appealed the state court judgment on October 26, 2023. The state court proceedings had not ended when this action commenced. Accordingly, the Rooker-Feldman doctrine does not dictate that this Court decline to exercise jurisdiction over Plaintiff's federal claim.

However, the Court finds it appropriate to transfer and refer Plaintiff's claim that Defendant violated the bankruptcy stay to the bankruptcy court. See In re: Standing Order of Reference Cases Arising Under Title 11, United States Code, 6:12-mc-26-ORL-22 (2012) ("[A]ny or all cases under [T]itle 11 and any or all proceedings arising under [T]itle 11 or arising in or related to a case under [T]itle 11 are referred to the bankruptcy judges for this district."). If the bankruptcy court's entry of a final order with respect to Plaintiff's Title 11 claim would be inconsistent with Article III of the

---

[3] In Defendant's Motion, Defendant provides the Court with the case numbers of the eviction action in Hillsborough County, IH6 Property Florida L.P. v. Chris Pow et al., Case No. 23-CC-084948, and Plaintiff's appeal of the final judgment in the Eviction Case to the Second District Court of Appeal, Chris Pow v. IH6 Property Florida L.P., Case No. 2D2023-2329. The Court takes judicial notice of the records of these proceedings.

U.S. Constitution, this Court will treat such order as proposed findings of fact and conclusions of law. Id.

## IV. CONCLUSION

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgement, (Dkt. 63), is **DENIED**.

2. Defendant's Motion to Dismiss the Complaint, (Dkt. 47), is **GRANTED IN PART and DENIED IN PART**.

3. The Court declines to exercise jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims of breach of fiduciary duty, breach of contract, negligence, and defamation. These claims are **DISMISSED without prejudice**.

4. Plaintiff's claim that Defendant violated the bankruptcy stay is **TRANSFERRED** and **REFERRED** to the United States Bankruptcy Court, Middle District of Florida, Tampa Division, for further proceedings. The Clerk is directed to **TRANSFER** the contents of the file to the Bankruptcy Court.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of December 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any pro se party